**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 08-4579**

───────────

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

       v.

SEBERT JUNIOR MAXWELL, III,

              Defendant – Appellant.

───────────

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, Jr., District Judge.  (2:07-cr-00228-1)

───────────

Submitted:  October 31, 2008       Decided:  November 18, 2008

───────────

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Christian M. Capece, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  John Christopher Krivonyak, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sebert Junior Maxwell, III pled guilty to possession with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000), and the district court sentenced him to 151 months in prison and three years of supervised release. On appeal, Maxwell's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issue of whether Maxwell's 151-month sentence as a career offender is reasonable. Maxwell has filed a pro se supplemental brief raising the issues of whether he was entitled to any reduction in his sentence under Kimbrough v. United States, 128 S. Ct. 558 (2007), and whether he was properly sentenced as a career offender. We affirm.

We review Maxwell's sentence for abuse of discretion. See Gall v. United States, 128 S. Ct. 586, 590 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range. United States v. Osborne, 514 F.3d 377, 387 (4th Cir.), cert. denied, 128 S. Ct. 2525 (2008). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 128 S. Ct. at 597. When reviewing a sentence on appeal, we presume that a sentence

2

within a properly calculated guideline range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

We have reviewed the record and conclude that the district court did not err or abuse its discretion in sentencing Maxwell, and his sentence at the low end of his advisory guideline range is reasonable. The district court properly determined that Maxwell was a career offender and his base offense level was thirty-two under U.S. Sentencing Guidelines Manual § 4B1.1(b), rather than the lower base offense level under U.S.S.G. § 2D1.1(c)(8). After a three-level reduction for acceptance of responsibility, Maxwell's total offense level was twenty-nine. With a criminal history category VI, Maxwell's advisory guideline range was 151 to 188 months in prison.

At sentencing, Maxwell conceded that he was properly sentenced as a career offender under the guidelines, but he argued that the district court should sentence him below his guideline range because his cocaine base offenses involved relatively small drug amounts and they did not involve a weapon or violence. However, in reviewing Maxwell's criminal history, the district court found that he was not only a career offender under the guidelines but a career offender in fact, since he had made a career of drug trafficking. Considering the sentencing factors under 18 U.S.C. § 3553(a) (2000), including the need to promote respect for the law, to protect the public from his

3

criminal activities, and to avoid unwarranted disparities in sentencing, the district court reasonably concluded it was appropriate to sentence Maxwell within his guideline range. The court took Maxwell's arguments in consideration, however, by sentencing him at the low end of his guideline range.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4